SO ORDERED.

Dated: July 29, 2020



Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In Re:

PHILLIP MURPHY,

and

JUDITH KAY MURPHY,
            Debtors.

Chapter 13

Case No. 2-18-bk-05896-DPC

**STIPULATED ORDER CONFIRMING SECOND MODIFIED CHAPTER 13 PLAN**

The Second Modified Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Second Modified Plan of the Debtor as follows:

(A)    **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    (1)  Future Earnings or Income. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-11 | $ 1,665.00 |
| 12-17 | $ 910.00 |
| 18-60 | $ 1292.00 |

The payments are due on or before the 22nd day of each month commencing June 2018. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2018 – 2022 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

    (2) Other Property.

        (a) None

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. Pew Law Center, PLLC, received $2000.00 prior to filing this Bankruptcy and has received $2,500.00 by the Chapter 13 Trustee. Zolman Law shall be paid $850.00 by the Chapter 13 Trustee for the First Modified Plan and an additional $850.00 for the Second Modified Plan..

(2) Claims Secured by Real Property:

    (a) Amerihome Mortgage Company, LLC is secured by a deed of trust in the debtor's real property and will be paid prepetition mortgage arrears of $11,011.88 with 0% interest. The Trustee will disburse the mortgage conduit payments beginning June 2018. The Trustee will disburse the mortgage conduit payments for the duration of the Plan, unless otherwise ordered. For any month when the funds on hand in the case are insufficient to allow the payment of a full conduit payment and any adequate protection payments on personal property that have become due, the Trustee will pay the conduit payment on the next disbursement date when the debtor's case has sufficient funds to pay a full conduit payment.

    If the Trustee receives a Notice of Payment Change filed by the creditor, the Trustee will adjust the plan payment amount to reflect the increase or decrease in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an order of the Court or a modification of the plan. See L.R.B.P. 2084-4.

(b) Amerihome Mortgage Company, LLC is secured by a deed of trust in the debtor's real property and will be paid post-petition mortgage fees, expenses, and charges in the amount of $1,150.00 with 0% interest

Claims Secured by Personal Property:

(a) Nissan Motor Acceptance Corporation, secured by a lien in a 2017 Nissan Rouge, was paid a total of $4,104.91 in principal and interest prior to filing the Second Modified Plan. The Debtors have surrendered the vehicle. The balance of the claim shall be classified as an unsecured non-priority claim.

(3) Unsecured Priority Claims:

(a) Arizona Department of Revenue has an unsecured priority claim for income taxes. This creditor shall be paid $340.63, the total priority claim through the plan with no interest.

(b) The Internal Revenue Service has an unsecured priority claim for income taxes. This creditor shall be paid $3,024.70, the total priority claim through the plan with no interest.

(4) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor to surrender the following property:

(a) 2017 Nissan Rouge; Nissan Motor Acceptance

(5) Other Provisions.

(a) None.

(6) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

ORDER SIGNED ABOVE

Approved as to Form and Content By:

Edward J. Maney, Esq.
Digitally signed by Edward J. Maney, Esq.
Date: 2020.07.29 11:02:50 -07'00'

Edward J Maney, Trustee

_____
Alexander Zolfaghari
Attorney for Debtors

**The Debtor Certifies:** All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*/s/ Phillip Murphy*
_____
Phillip Murphy
Debtor

*/s/ Judith K. Murphy*
_____
Judith K Murphy
Co-Debtor